# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SANDRIO DEJESUS-ANDUJAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 14-0117-CV-W-DGK-P |
| ) | |
| JAY CASSADY, ) | |
| ) | |
| Respondent. ) | |

### OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Jefferson City Correctional Center in Jefferson City, Missouri, has filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 conviction and sentence for second-degree assault of a law enforcement officer, which was entered in the Circuit Court of Livingston County, Missouri.

Petitioner raises four (4) grounds for relief: ineffective assistance of post-conviction counsel; prosecutor withheld exculpatory evidence; actual innocence or insufficient evidence for his conviction; and due process violation as a result of his trial attorneys failing to testify at his post-conviction evidentiary hearing.

Respondent contends that Grounds 1, 3 and 4 are not cognizable on federal habeas review, and that Ground 2 is procedurally barred.

### FACTUAL BACKGROUND

On direct appeal, the Missouri Court of Appeals summarized the facts, as follows:

> On August 7, 2007, [petitioner] was an inmate in the Livingston County jail. During the afternoon and early evening, Sheriff Steve Cox was working in the detention area at the jail. Sheriff Cox had numerous contacts with [petitioner] because he was repeatedly beating on the door to his cell and requesting "petty" things. At some point, Sheriff Cox told him to "stop

beating on the door like a monkey." [Petitioner] told his cellmate, Bryant McCracken, that he was "ready to fight and catch a charge on the Sheriff." McCracken believed [petitioner] was going to assault Sheriff Cox. McCracken slipped a note through the door in an effort to warn Sheriff Cox that [petitioner] was planning on assaulting him, but Sheriff Cox did not see the note until after the incident.

There was a camera located in [petitioner's] cell. It was common for the inmates to "flag" the camera if they needed help. [Petitioner] flagged the camera, and Sheriff Cox responded to his cell. When Sheriff Cox opened his cell door, [petitioner] began screaming that Sheriff Cox was his enemy, that he wanted to go to a different cell, and that he wanted to go to a different jail. Sheriff Cox asked [petitioner] to step out of his cell so that he could move him to a different cell but [petitioner] refused. Sheriff Cox repeated his request that [petitioner] step out of his cell numerous times but [petitioner] refused. Instead, [petitioner] walked to the back of the cell. When Sheriff Cox entered the cell, [petitioner] turned and lowered his hands in an aggressive stance as if he was going to attack Sheriff Cox. In response, Sheriff Cox discharged his taser at [petitioner]. [Petitioner] momentarily dropped to his knees but then got back up and attacked Sheriff Cox. [Petitioner] hit Sheriff Cox and wrapped his arm around Sheriff Cox's neck in an effort to get the taser. Eventually, Sheriff Cox regained control of the situation and removed the other two inmates from the cell before locking [petitioner] in. When Sheriff Cox returned to the cell with other officers, [petitioner] had tied the cell door shut. After the officers opened the cell, [petitioner] was transported to the hospital.

Respondent's Exhibit E, pp. 2-3.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. En banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. ' 2254(e)(1).[1] Because the state court's findings of fact have fair support

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## GROUND 1

In Ground 1, petitioner claims he is entitled to federal habeas relief because he received ineffective assistance of post-conviction counsel. (Doc. No. 1, p. 5). Specifically, petitioner asserts that post-conviction counsel failed to file an appeal from denial of post-conviction relief. However, there is no constitutional right to an attorney in state post-conviction proceedings. See Coleman v. Thompson, 501 U.S. 722, 752 (1950). Therefore, this claim is not cognizable on federal habeas review because there is no constitutional right to effective assistance of post-conviction counsel. Where there is no constitutional right to counsel, there can be no deprivation of effective assistance. Simpson v. Norris, 490 F.3d 1029, 1033 (8th Cir. 2007), citing Wainwright v. Torna, 455 U.S. 586, 587-88 (1980). Consequently, petitioner's Ground 1 will be denied.

## GROUND 2

In Ground 2, petitioner claims the prosecution withheld exculpatory evidence. (Doc. No. 1, p. 6). Petitioner asserts that the prosecutor provided incomplete discovery because his defense counsel provided petitioner with incomplete copies of discovery. Specifically, petitioner claims the prosecutor failed to disclose medical records, photographs taken on August 8, 2007, statements from Jim Lightner, and statements from three "others." Id. Respondent contends that this claim is both meritless and procedurally barred.

In regard to the claim in Ground 2, petitioner failed to appeal the denial of his post-conviction relief motion. "A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d

1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues in an application for habeas relief in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Sloan at 1381.

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner attempts to overcome his default by alleging ineffective assistance of post-conviction counsel under Martinez v. Ryan, 132 S.Ct. 1309 (2012). (Doc. No. 15, p. 9). Additionally, it seems as though plaintiff is attempting to show cause for his procedural default under Brady v. Maryland, 373 U.S. 83 (1963).

A petitioner "may establish cause for a procedural default . . . in two circumstances: where the state courts did not appoint counsel in the [post-conviction] proceeding for an ineffective-assistance-at-trial claim; and where appointed counsel in the [post-conviction] proceeding . . . was ineffective under Strickland v. Washington, 466 U.S. 668 (1984). Martinez v. Ryan, 132 S.Ct. 1309 (2012).

"In order for ineffective assistance of counsel to itself be cause to excuse a procedural default, the ineffective assistance must rise to the level of an independent constitutional violation." Evans v. Luebbers, 371 F.3d 438, 445 (8th Cir. 2004) (citing Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000). "Thus, the assistance rendered must have been constitutionally substandard and prejudice must have resulted therefrom." Evans, 371 F.3d at 445 (citing

Strickland, 466 U.S. at 687).  Therefore, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, at 1318.

It is possible that petitioner's claim and arguments could be construed to mean that the failure of his post-conviction relief counsel to appeal the denial of his post-conviction motion provides cause to over-come procedural default; however, this claim will fail.  Applying the Strickland standard, because his underlying claims do not have merit, petitioner was not prejudiced by the failure of his post-conviction counsel to appeal the denial of a meritless claim.  In order to demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.  There is no likelihood the outcome would have been different had counsel attempted to appeal meritless claims.

A habeas petitioner can also establish cause to overcome procedural default for failing to raise a Brady claim in an earlier state proceeding, by showing that the failure of the prosecutor to disclose the evidence was the reason for the petitioner's failure to timely raise the challenge. McCleskey v. Zant, 499 U.S. 467, 501-02 (1991).  However, if petitioner knows about the material notwithstanding its nondisclosure, no cause will be found. Id. at 502.  In Brady v. Maryland, the Supreme Court held that due process requires the government to disclose material, exculpatory evidence to the defendant. Brady, 373 U.S. at 84.  The Court in Strickler v. Green set forth the test to determine whether a failure to disclose such evidence constitutes a Brady violation. Strickler v. Greene, 527 U.S. 263, 281-82 (1999).  First, "[t]he evidence at issue must

be favorable to the accused, either because it is exculpatory, or because it is impeaching." Id. Second, "that evidence must have been suppressed by the state, either willfully or inadvertently." Id. at 282. Finally, "prejudice must have ensued." Id. To show prejudice, the defendant must establish that "there is a reasonable probability that the verdict would have been different if the evidence has not been suppressed." United States v. Tyndall, 521 F.3d 877, 881 (8th Cir. 2008).

In petitioner's post-conviction relief proceeding, he claimed that all of the medical records and photos of his injuries suffered in the altercation with the Sheriff that he wished to be presented at trial, were not presented at trial. However, it is clear from this claim that, at the time of the trial or shortly thereafter, additional medical records and photo's had been disclosed to the defense and were available to the defense at the time of the trial. Additionally, because the records attached to petitioner's petition are all bates stamped, it is obvious that they were disclosed by the prosecutor. Petitioner fails to establish either that the evidence was exculpatory or that it was suppressed by the prosecutor. Further, because petitioner fails to show that any information in the allegedly suppressed records is different from what was adduced at trial, petitioner fails to establish that there is a reasonable probability that the verdict would have been different if the allegedly suppressed medical records had been disclosed.

Petitioner's claim of suppressed photographs is also meritless. Petitioner does not establish that the photos taken on the day of the offense were suppressed, nor does he claim that any photos existed other than the photos that petitioner introduced and presented at trial. Additionally, because petitioner fails to show that the alleged photos were any different than the ones presented at trial, under the Brady test, petitioner fails to show that there is a reasonable probability that the verdict would have been different had these allegedly suppressed photos been disclosed.

In regard to petitioner's claim that statements made by Jim Lightner and three "others" were suppressed or exculpatory, petitioner fails to establish what, if any, exculpatory or impeaching statements were made, who the statements were made to, or in the case of the statements of the three "others," who made these statements. Because petitioner fails to provide any details about the allegedly suppressed statements, petitioner fails to establish that there is a reasonable probability the verdict would have been different had the statements not been suppressed.

Here, petitioner fails to establish that evidence was either suppressed or that he would not have known about the evidence at the time of his trial or direct appeal because of the alleged suppression. Petitioner cannot reasonably establish that he did not know about the existence of his own medical records or of the photographs taken of him, as he would have been present for the creation of both, which also supports respondent's contention that petitioner failed to establish that the allegedly suppressed photos were different from the photos that were introduced. Consequently, petitioner fails to establish the existence of suppressed statements or evidence, and therefore, also fails to establish that the failure to disclose the alleged statements and evidence is the reason for his failure to raise a timely challenge. Because petitioner fails to overcome the procedural bar by way of <u>Martinez</u> or <u>Brady</u>, Ground 2 will be denied.

## GROUND 3

In Ground 3, petitioner claims that Livingston County Sheriff Steve Cox assaulted him at the jail on August 7, 2007. With this claim, petitioner, in sum, describes his version of the events for which he was charged with second-degree assault of a law enforcement officer. (Doc. No. 1, pp. 9-14). While it is unclear from the face of the petition what constitutional grounds petitioner is asserting, presumably, petitioner is arguing either that he is actually innocent of

assaulting the sheriff or he is claiming that there was insufficient evidence to support his conviction. Regardless, if petitioner is making a claim of actual innocence, the ground for relief will fail because such is not cognizable on federal habeas review; and if petitioner is claiming that there was insufficient evidence to support his conviction, his claim is procedurally barred.

A claim of actual innocence is not cognizable on federal habeas review. Herrera v. Collins, 506 U.S. 390, 400 (1993). "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Id. Here, petitioner does not assert newly discovered evidence or an independent constitutional violation. Therefore, to the extent that petitioner may be asserting a claim of actual innocence, Ground 3 will be denied.

Further, to the effect petitioner may be alleging there was insufficient evidence to support his conviction, his claim is procedurally barred. Petitioner failed to preserve this issue for federal habeas review by fairly presenting it to the state courts on direct appeal or on post-conviction appeal. See Sloan, 54 F.3d at 1381. Therefore, petitioner has procedurally defaulted this claim. Id. Petitioner does not show cause and prejudice in order to overcome this default, or that a manifest injustice will result if his claim is not reviewed. See Coleman, 501 U.S. at 750. Therefore, to the extent petitioner may be alleging that there was insufficient evidence to support his conviction, Ground 3 also will be denied.

### GROUND 4

In Ground 4, petitioner claims that his right to due process was violated because his trial attorneys did not testify at his post-conviction evidentiary hearing. (Doc. No. 1, p. 15). Further, petitioner claims his post-conviction counsel was ineffective for failing to subpoena his trial

attorneys for the hearing. Respondent contends that Ground 4 is not cognizable on federal habeas review.

Federal courts are only authorized to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding. Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984) (alleged denial effective assistance of counsel at Rule 27.26 hearing is not cognizable under § 2254). "Because there is no federal conditional requirement that states provide a means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition." Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990). Because these claims are collateral to petitioner's conviction, petitioner is not entitled to federal habeas corpus relief.

Petitioner's argument that post-conviction counsel was ineffective for failing to call the trial attorneys as witnesses at the evidentiary hearing also is not cognizable on federal habeas review. There is no constitutional right to effective assistance of post-conviction counsel. Coleman, 501 U.S. at 752. Where there is no constitutional right to counsel, there can be no deprivation of effective assistance. Simpson v. Norris, 490 F.3d 1029, 1033 (8th Cir. 2007), citing Wainwright v. Torna, 455 U.S. 586, 587-88 (1980). Consequently, petitioner's Ground 4 will be denied

### CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied.

See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

    (1) the petition for a writ of habeas corpus is **DENIED**;

    (2) the issuance of a certificate of appealability is **DENIED**; and

    (3) this case is DISMISSED with prejudice.

                                      /s/ Greg Kays
                                        GREG KAYS
                                        CHIEF UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: October 21, 2014 .